Rebecca J. Hozubin, Esq.
HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 - Telephone
907-276-5291 - Facsimile
rebecca@akdefenselaw.com
Alaska Bar No. 9806016

*Attorneys for Great Divide Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GRET DIVIDE INSURANCE COMPANY, a North Dakota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID HARTMAN and LINDA HARTMAN, individually and as owners of HARTMAN CONSTRUCTION & EQUIPMENT, INC.; CHAD HARTMAN and DEREK HARTMAN, individually and as employees of HARTMAN CONSTRUCTION & EQUIPMENT, INC.; HARTMAN CONSTRUCTION & EQUIPMENT, INC.; MUNICIPALITY OF ANCHORAGE; and CASSANDRA MORGAN, individually and as the Personal Representative of THE ESTATE OF SAMUEL ADAM MORGAN,<br><br>Defendants. | Case No. 3:17-cv-00148-JWS |

**COMPLAINT FOR DECLARATORY RELIEF**
**(28 U.S.C. §§ 2201 & 2202)**

## Complaint for Declaratory Relief

GREAT DIVIDE INSURANCE COMPANY ("Great Divide"), by and through its counsel of record, Hozubin, Moberly, Lynch & Associates, hereby asserts its *Complaint for Declaratory Relief* as follows:

### Parties

1. Great Divide is a corporation organized and existing under the laws of the State of North Dakota with its principal place of business in the State of Arizona. Great Divide Insurance Company issued its policy of insurance to Hartman Construction & Equipment, Inc., a Corporation, for the period 10/08/2014 - 10/08/2015 with policy limits of $1,000,000 per occurrence and a $2,000,000 general aggregate under policy number GC960247.

2. Great Divide is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports, and has satisfied all other conditions precedent to bringing and maintaining this action.

3. Defendant HARTMAN CONSTRUCTION & EQUIPMENT, INC. is a business corporation organized under the State of Alaska with its entity address at 4901 Hartman Circle, Anchorage, Alaska, 99507. HARTMAN CONSTRUCTION & EQUIPMENT, INC. operates a construction and equipment company in Anchorage, Alaska.

4. Defendant David Hartman is a Director, President, and Shareholder of HARTMAN CONSTRUCTION & EQUIPMENT, INC. He owns forty-nine (49) percent

of the business and is believed to be a resident of Anchorage, Alaska. He is a named defendant in *Morgan v. Hartman et al.,* Case No. 3AN-17-07156 CI.

5. Defendant Linda Hartman is a Director, Shareholder, Secretary, and Treasurer of HARTMAN CONSTRUCTION & EQUIPMENT, INC. She owns fifty-one (51) percent of the business and is believed to be a resident of Anchorage, Alaska, 99507. She is a named defendant in *Morgan v. Hartman et al.,* Case No. 3AN-17-07156 CI.

6. Defendant Chad Hartman, upon information and belief, is an employee of HARTMAN CONSTRUCTION & EQUIPMENT, INC and is a resident of the State of Alaska. He is a named defendant in *Morgan v. Hartman et al.,* Case No. 3AN-17-07156 CI.

7. Defendant Derek Hartman, upon information and belief, is an employee of HARTMAN CONSTRUCTION & EQUIPMENT, INC. and is a resident of the State of Alaska. He is a named defendant in *Morgan v. Hartman et al.,* Case No. 3AN-17-07156 CI.

8. Defendant Municipality of Anchorage is an Alaska city and borough and is a named defendant in *Morgan v. Hartman et al.,* Case No. 3AN-17-07156 CI.

9. Defendant Cassandra Morgan is the Personal Representative of the Estate of Samuel Morgan. Upon information and belief, she is a resident of the State of Alaska. Defendant Morgan is a named plaintiff, both individually and as Personal Representative, in *Morgan v. Hartman et al.,* Case No. 3AN-17-07156 CI. Upon information and belief, the Estate was formed under the laws of the State of Alaska.

10. Defendant Cassandra Morgan filed the underlying litigation titled *Morgan v. Hartman et al.,* Case No. 3AN-17-07156 CI.

## Jurisdiction and Venue

11. This is an action for declaratory relief under 28 U.S.C. § 2201 and for such additional and further relief as may be required to enforce a declaratory judgment in accordance with 28 U.S.C. § 2202.

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states with Great Divide being considered a resident of the State of North Dakota and all of the defendants being considered residents of Alaska. No defendant is a resident of North Dakota.

13. In accordance with 28 U.S.C. § 1391(b)(1) and (2), venue in this district is appropriate as the accident occurred in this district, the insured is a resident of this district, and the wrongful death litigation, which gives rise to this declaratory judgment action, was filed by the plaintiff in this district.

## Allegations in Support of Declaratory Relief

14. Defendant Morgan filed suit against defendants Linda Hartman, David Hartman, Chad Hartman, Derek Hartman, and the Municipality of Anchorage in *Morgan v. Hartman et al.,* Case No. 3AN-17-07156 CI. That Complaint alleges that:

> 6. On June 16, 2015 in the area of 91st and King Street in Anchorage, Alaska, Samuel Morgan was fatally injured at a construction site on land owned by David and Linda Hartman individually. Said property was being

improved upon by the Hartman's and Hartman's Construction, Inc., a corporation wherein David and Linda Hartman are the only officers.[1]

7.  At all times relevant to this cause of action, the decedent, Samuel Morgan, was employed by Hartman Construction, as was David and Linda Hartman's sons, Derek and Chad Hartman.

8.  On the day of Samuel Morgan's death, David Hartman was using a small excavator to dig a trench for a sewer line at or near 91st and King Street.  David Hartman testified that Samuel Morgan arrived at the site and entered the trench to talk to him and that the trench wall suddenly collapsed, burying Samuel Morgan in aggregate up to his waist.

9.  Samuel Morgan was distressed but was talking and breathing well at this point.  There was no evidence showing any broken bones or bleeding at this point in time.  Samuel was just buried in aggregate up to his waist as testified to under oath by both David and Derek Hartman.

10.  At said time and place all of the named Hartman's were presents (*sic*), David, Linda, Chad and Derek Hartman.  The Hartmans' (*sic*) failed to timely call first responders and elected to use a large excavator to attempt to extricate Samuel Morgan.  As testified to David Hartman was operating the smaller excavator and Derek Hartman was operating the large excavator.

11.  At said time and place David Hartman yelled at his son, Derek Hartman, to come and assist in getting Samuel Morgan out of the aggregate.  Derek Hartman moved the large excavator around the trench to get close enough to reach Samuel Morgan.  Derek Hartman testified under oath at the time of the OSHA hearings that he used the large excavator to dig Samuel Morgan out while David Hartman and Chad Hartman assisted Derek Hartman by directing Derek in the large excavator where to dig.

12.  During the hasty attempt to extricate Samuel Morgan by the Hartman's (*sic*), Samuel sustained injuries to his legs, abdomen and groin, almost physically tearing his body in half.  These injuries proved to be fatal.  Samuel Morgan bled to death after being struck by the excavator operated by Derek Hartman.

13.  Only after these fatal wounds were inflicted on Samuel Morgan did David Hartman direct Linda Hartman to call 911.

---

[1] Defendant Morgan named the wrong corporation in the underlying action.

14. The State of Alaska Medical Examiner, Cristin M. Rolf, M.D., performed the autopsy on Samuel Morgan. Doctor Rolf testified that Samuel Morgan's injuries were consistent with being struck by heavy equipment and listed that as the cause of death on Samuel Morgan's death certificate.

15. Defendant Morgan alleged that David Hartman, Linda Hartman, Derek Hartman, and Chad Hartman all caused Samuel Morgan intentional harm.

16. Defendant Morgan also alleged that the Municipality of Anchorage was negligent in not stopping the construction or taking other steps that would have prevented the death of Samuel Morgan.

17. The Municipality of Anchorage then tendered its defense and indemnity to Great Divide, pursuant to an October 31, 2013, Subdivision Agreement between the Municipality of Anchorage and David H. Hartman and Linda J. Hartman.

18. In the underlying action, Defendant Morgan also seeks economic damages and pain and suffering for the Estate of Samuel Morgan, as well as punitive damages.

19. Finally, in the underlying action, Defendant Morgan also seeks damages for loss of consortium as the widow of Samuel Morgan.

20. There is no insurance coverage for defense of indemnification under the terms and conditions of Great Divide insurance policy GC960247.

21. Insurance policy GC960247, in pertinent part, provides as follows:

"**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

      **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      **(3)** No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2) The "bodily injury" or "property damage" occurs during the policy period

(3) Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period."

Form CG 00 01 (12/04), SECTION V - DEFINITIONS, where the words bodily injury "," property damage and "occurrence" are defined as follows:

"**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

22. The Coverage A insuring agreement is triggered because of "bodily injury" or "property damage" resulting from an "occurrence" sustained during the policy period, subject to other provisions, conditions and exclusions in the policy. An "occurrence" is

COMPLAINT FOR DECLARATORY RELIEF
Page 8

Case 3:17-cv-00148-JWS   Document 1   Filed 07/05/17   Page 8 of 18

defined as an accident. An accident is an unexpected, unforeseen, or undesigned happening.

23. Form CG 00 01 (12/04), SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, states as follows:

> "**2. Exclusions**
>
> This insurance does not apply to:
>
> **d. Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."

24. No coverage is provided for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

25. Form L205AK (07/12), EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS -- ALASKA, states:

> "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> **EXCLUSION - INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS - ALASKA**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** Exclusion **e. Employer's Liability** of **2., Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:

**e. Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

**(1)** "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

**(2)** Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

**(a)** Employment by any insured; or

**(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or

**(3)** The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph **(1)** or **(2)** above.

This exclusion applies:

**(1)** Regardless of where the:

**(a)** Services are performed; or

**(b)** "Bodily injury" occurs; and

**(2)** Whether any insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** Exclusion **a. Any Insured** of **2. Exclusions** of **Section I - Coverage C - Medical Payments** is **replaced** by the following:

COMPLAINT FOR DECLARATORY RELIEF
Page 10

We will not pay expenses for "bodily injury":

**a. Any Insured**

To any insured.

All other terms and conditions of this policy remain unchanged."

26. Form CG 00 01 (12/04), SECTION V - DEFINITIONS, defines the words "employee", "leased worker ", and "temporary worker", as follows:

> "**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
>
> **10.** "Leased worker " means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker":
>
> **19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions."

27. Endorsement Form L205AK (07/12) EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS -- ALASKA, specifically excludes coverage for injury to Employees, Contractors, Volunteers and Other Workers, arising out of the course and scope of employment by any insured, or directly or indirectly performing duties related to the conduct of any insured's business.

28. Form CG 00 01 (12/04), Commercial General Liability Coverage Form, specifically the insuring agreement under SECTION I - COVERAGES, COVERAGE C. MEDICAL PAYMENTS, provides in part as follows:

"**COVERAGE C  MEDICAL PAYMENTS**

1. **Insuring Agreement**

    a.  We will pay medical expenses as described below for "bodily injury" caused by an accident:

    **(1)** On premises you own or rent;

    **(2)** On ways next to premises you own or rent; or

    **(3)** Because of your operations;

    provided that:

    **(1)** The accident takes place in the "coverage territory" and during the policy period;

    **(2)** The expenses are incurred and reported to us within one year of the date of the accident; and

    **(3)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

    b.  We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

    **(1)** First aid administered at the time of an accident;

    **(2)** Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

    **(3)** Necessary ambulance, hospital, professional nursing and funeral services.

**2. Exclusions**

**b. Hired Person**

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

**d. Workers Compensation And Similar Laws**

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

**g. Coverage A Exclusions**

Excluded under Coverage **A**."

29. No medical payments coverage is provided for "bodily injury" to any insured, or to a person hired to do work for any insured. No medical payments coverage is provided if benefits for the "bodily injury" are payable or provided under a workers' compensation or disability benefits law or similar law, or for any "bodily injury" that is excluded under COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.

30. Form CG 00 01 (12/04), Commercial General Liability Coverage Form, specifically the insuring agreement under SECTION I - COVERAGES, COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY, which provides in part as follows:

"**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result."

31. Form CG 00 01 (12/04), SECTION V - DEFINITIONS, defines "personal and advertising injury" as follows:

    "**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  **e.**  Oral or written publication, in any manner, of material that violates a person's right of privacy;

  **f.**  The use of another's advertising idea in your "advertisement"; or

  **g.**  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

  32.  The claim does not constitute "personal and advertising injury" as defined in the policy.

  33.  Form CG 00 01 (12/04), SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, states as follows:

"**2.**  **Exclusions**

This insurance does not apply to:

…

  **a.**  **Expected or Intended Injuries**

    "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property."

  34.  The underlying Complaint alleges that all claims against David Hartman, Linda Hartman, Chad Hartman, and Derek Hartman were intentional and, therefore, coverage would be excluded.

COMPLAINT FOR DECLARATORY RELIEF
Page 15

Case 3:17-cv-00148-JWS   Document 1   Filed 07/05/17   Page 15 of 18

35. As to the Subdivision Agreement between the Municipality of Anchorage and David H. Hartman and Linda J. Hartman, the contractual indemnification claim between the parties does not confer any rights to the Municipality under the policy issued by Great Divide Insurance Company. Because there would be no coverage provided to David or Linda Hartman, there would be no coverage provided to the Municipality.

36. Second, while the policy contains a blanket additional insured endorsement, that endorsement requires the insured to name as an additional insured, pursuant to the contract, the entity for whom additional insured status is sought. The Subdivision Agreement contains no such requirement that David and Linda Hartman provide additional insured status to the Municipality of Anchorage.

37. Even if additional insured status were required, pursuant to the Subdivision Agreement, the additional insured endorsement provides status for "occurrences" or coverages not otherwise excluded in the policy to which the endorsement applies. Coverage for the subject loss is excluded under the policy.

38. All claims sought in the underlying lawsuit arising from the underlying lawsuit are excluded from coverage for both defense and indemnification under Great Divide insurance policy number GC960247.

39. A real and substantial controversy exists as to whether Great Divide has a duty to defend and/or indemnify member-owners, employees, and the Municipality against those claims asserted in the underlying Complaint.

40. The matter in controversy exceeds the sum of $75,000, exclusive of costs, interest, and attorney fees.

## Prayer for Relief

Having set forth its *Complaint for Declaratory Relief*, Great Divide prays for judgment as follows:

1) For a declaratory judgment determining that the Great Divide insurance policy number GC960247 does not provide coverage for defense and/or indemnification as to any or all claims asserted by the plaintiff in the underlying actions arising from the June 16, 2017 death or defense and/or indemnification coverage for HARTMAN CONSTRUCTION & EQUIPMENT, INC..

2) That the Hartmans, the Municipality of Anchorage, the plaintiff in the underlying action, and HARTMAN CONSTRUCTION & EQUIPMENT, INC., all of whom are named as parties herein, and any or all of their successors, heirs, and assigns, are enjoined from attempting to enforce the defense and/or indemnity provisions contained in the Great Divide insurance policy number GC960247.

3) That the Hartmans, the Municipality of Anchorage, the plaintiff in the underlying action, and HARTMAN CONSTRUCTION & EQUIPMENT, INC., all of whom are named as parties herein, and any or all of their successors, heirs, and assigns are enjoined from

assigning, conveying, or transferring, or obtaining by assignment or otherwise the ability to assert any claims against Great Divide, its agents, employees, successors, and assigns for damages, direct or consequential, arising from Great Divide's actions with regard to the defense and/or indemnity provisions of insurance policy number GC960247.

4) That Great Divide be awarded such additional and further relief as the facts and the law warrant.

DATED this 5th day of July 2017.

> HOZUBIN, MOBERLY, LYNCH & ASSOCIATES
> *Attorneys for Great Divide Insurance Company*
>
> By: /s/ Rebecca J. Hozubin
>   Rebecca J. Hozubin
>   711 M Street, Suite 2
>   Anchorage, AK 99501
>   907-276-5297 - Telephone
>   907-276-5291 - Facsimile
>   rebecca@akdefenselaw.com
>   Alaska Bar No. 9806016